# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WESTERN AGRICULTURAL
INSURANCE COMPANY,

    Plaintiff,

v.                                                            No. 18-cv-1188 SMV/KRS

WHITNEY FARMS, LP;

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on December 18, 2018. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than January 23, 2019, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

On December 18, 2018, Plaintiff filed its Complaint, asserting diversity of citizenship and an amount in controversy exceeding $75,000. [Doc. 1] at 2. In support of its claim of diversity of citizenship, Plaintiff reports that it is a citizen of Iowa because it was incorporated in Iowa and maintains its principal place of business in West Des Moines, Iowa. *Id.* at 1. Plaintiff further asserts that at all relevant times, Defendant was "a New Mexico limited partnership with its

principal place of business at 5042 Whitney Lane, Roswell, New Mexico." *Id.* However, Plaintiff makes no allegation about the citizenship of the members of Defendant Whitney Farms, LP. *See id.*

## Legal Standard

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## Discussion

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Determining the citizenship of a partnership, limited partnership, or limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the States in which it is incorporated *and* in which it maintains its principal place of business. § 1332(c). Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every State in which any partner or member is a citizen. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of

the plaintiff limited partnership); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (remanding to district court to determine the citizenship of all the members of the plaintiff limited liability company).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendant Whitney Farms, LP, because they fail to allege the citizenship of its members. Plaintiff may amend its Complaint to properly allege the citizenship of the members of Defendant Whitney Farms, LP.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **January 23, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **January 23, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**