# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WESTERN AGRICULTURAL
INSURANCE COMPANY,

    Plaintiff,

v.                                                                       No. 18-cv-1188 SMV/KRS

WHITNEY FARMS, LP;

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Amended Complaint and Jury Demand [Doc. 4], filed by Plaintiff on January 8, 2019. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Amended Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Amended Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. In particular, Plaintiff has failed to adequately allege the citizenship of Defendant's general partner. *See* [Doc. 4] at 2. The general partner is Whitney, LLC. *See id.* Plaintiff must adequately allege the citizenship of each and every member of Whitney, LLC. To that end, the Court will order Plaintiff to file a second amended complaint no later than February 5, 2019, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**Background**

On December 18, 2018, Plaintiff filed its Complaint, asserting diversity of citizenship and an amount in controversy exceeding $75,000. [Doc. 1] at 2. In support of its claim of diversity of citizenship, Plaintiff reported that it was a citizen of Iowa because it was incorporated in Iowa and maintained its principal place of business in West Des Moines, Iowa. *Id.* at 1. Plaintiff further asserted that at all relevant times, Defendant was "a New Mexico limited partnership with its principal place of business at 5042 Whitney Lane, Roswell, New Mexico." *Id.* However, Plaintiff made no allegation about the citizenship of the partners of Defendant Whitney Farms, LP. *See id.*

Accordingly, the Court ordered Plaintiff to amend its complaint to adequately allege the citizenship of each and every partner of Defendant Whitney Farms, LP. [Doc. 3]. Plaintiff timely amended its complaint, but its allegations still fall short. [Doc. 4].

In the Amended Complaint, Plaintiff alleges that the limited partners of Defendant Whitney Farms are Doug Whitney and Theresa Kay Whitney and both are citizens of New Mexico. *Id.* at 2. Plaintiff also alleges that the general partner of Defendant Whitney Farms is Whitney, LLC. Plaintiff alleges that Whitney, LLC, "is a New Mexico limited liability company with its principal place of business at 5042 Whitney Lane, Roswell, New Mexico." *Id.* Plaintiff makes no allegation about the citizenship of the members of Whitney, LLC. *See id.*

**Legal Standard**

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).

Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## Discussion

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Determining the citizenship of a partnership, limited partnership, or limited liability company is different from determining the citizenship of a corporation under § 1332.[1] A corporation is deemed to be a citizen of the States in which it is incorporated *and* in which it maintains its principal place of business. § 1332(c). **Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every State in which any partner or member is a citizen.** *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of the members of the plaintiff limited partnership); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (remanding to district court to determine the citizenship of all the members of the plaintiff limited liability company).

---

[1] The party asserting jurisdiction must plead citizenship distinctly and affirmatively. With respect to individuals, allegations of the person's residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendant Whitney Farms, LP. Although Plaintiff adequately alleges the citizenship of the limited partners, it fails to adequately allege the citizenship of the general partner, which is an LLC. The citizenship of an LLC is determined by the citizenship of each and every one of its members. Plaintiff may amend its Complaint to properly allege the citizenship of Defendant Whitney Farms, LP, by adequately alleging the citizenship of each and every member of its general partner, Whitney, LLC.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff must file a second amended complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 5, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **February 5, 2019**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**