IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WESTERN AGRICULTURAL**
**INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                                            **No. 18-cv-1188 SMV/KRS**

**WHITNEY FARMS, LP;**

    **Defendant.**

## ORDER TO SHOW CAUSE AND
## ORDER SETTING TELEPHONIC SHOW-CAUSE HEARING

THIS MATTER is before the Court sua sponte, following its review of the Second Amended Complaint and Jury Demand [Doc. 7], filed by Plaintiff on February 5, 2019. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Having considered the Second Amended Complaint, the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Second Amended Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. In particular, Plaintiff fails to adequately allege the citizenship of Defendant's general partner, Whitney, LLC. *See* [Doc. 7] at 2. Plaintiff must appear telephonically on **March 19, 2019, at 3:30 p.m.** to show cause why this action should not be dismissed without prejudice for lack of jurisdiction. Counsel must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.

**Background**

On December 18, 2018, Plaintiff filed its Complaint, asserting diversity of citizenship and an amount in controversy exceeding $75,000. [Doc. 1] at 2. In support of its claim of diversity of citizenship, Plaintiff reported that it was a citizen of Iowa because it was incorporated in Iowa and maintained its principal place of business in West Des Moines, Iowa. *Id.* at 1. Plaintiff further asserted that at all relevant times, Defendant was "a New Mexico limited partnership with its principal place of business at 5042 Whitney Lane, Roswell, New Mexico." *Id.* However, Plaintiff made no allegation about the citizenship of the partners of Defendant Whitney Farms, LP. *See id.*

Accordingly, the Court ordered Plaintiff to amend its complaint to adequately allege the citizenship of each and every partner of Defendant Whitney Farms, LP. [Doc. 3]. Plaintiff timely amended its complaint, but its allegations still fell short. [Doc. 4].

In the Amended Complaint, Plaintiff alleged that the limited partners of Defendant Whitney Farms are Doug Whitney and Theresa Kay Whitney and both are citizens of New Mexico. *Id.* at 2. Plaintiff also alleged that the general partner of Defendant Whitney Farms is Whitney, LLC. Plaintiff alleged that Whitney, LLC, "is a New Mexico limited liability company with its principal place of business at 5042 Whitney Lane, Roswell, New Mexico." *Id.* Plaintiff made no allegation about the citizenship of the members of Whitney, LLC. *See id.*

Accordingly, the Court ordered Plaintiff to amend its complaint again to adequately allege the citizenship of each and every member of Whitney, LLC. [Doc. 5]. Plaintiff timely filed its Second Amended Complaint, but its allegations are still inadequate. *See* [Doc. 7] at 2.

**Legal Standard**

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

**Discussion**

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Determining the citizenship of a partnership, limited partnership, or limited liability company is different from determining the citizenship of a corporation under § 1332.[1] A corporation is deemed to be a citizen of the States in which it is incorporated *and* in which it maintains its principal place of business. § 1332(c). **Partnerships, limited partnerships, and limited liability companies, however, are citizens of each and every State in which any partner or member is a citizen.** *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (stating the citizenship of business entities is determined by the citizenship of its members); *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522–23 (10th Cir. 1991) (remanding for district court to determine the citizenship of all of

---

[1] The party asserting jurisdiction must plead citizenship distinctly and affirmatively. With respect to individuals, allegations of the person's residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

the members of the plaintiff limited partnership); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (remanding to district court to determine the citizenship of all the members of the plaintiff limited liability company).

Here, the facts set forth in the Second Amended Complaint do not sufficiently establish the citizenship of Defendant Whitney Farms, LP. Although Plaintiff adequately alleges the citizenship of the limited partners, it fails to adequately allege the citizenship of the general partner, which is an LLC. The citizenship of an LLC is determined by the citizenship of each and every one of its members. Plaintiff alleges:

> 4. The General Partner of Defendant Whitney Farms is Whitney, LLC. Whitney, LLC is a New Mexico limited liability company with its principal place of business at 5042 Whitney Lane, Roswell, New Mexico. According to Whitney, LLC's Certificate of Organization, the manager of Whitney, LLC is Doug Whitney, a citizen of New Mexico residing at 5042 Whitney Lane, Roswell, New Mexico. In September 2004, Doug Whitney, Whitney, Inc., and Whitney, LLC for itself and as General Partner of Whitney Farms, Ltd., filed with the New Mexico Secretary of State a Consent to Use of Common Name, stating that each of these entities are commonly owned.

[Doc. 7] at 2. These statements are insufficient to allege the citizenship of *each and every member of Defendant's general partner*, Whitney, LLC.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff appear telephonically on **March 19, 2019, at 3:30 p.m.** to show cause why this action should not be dismissed without prejudice for lack of jurisdiction. Counsel must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**